ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15-CR-411-K |
| V. | |
| AMECHI COLVIS AMUEGBUNAM (1) | |

## PLEA AGREEMENT

Amechi Colvis Amuegbunam (Amuegbunam), the defendant's attorney Ezekiel Tyson Jr., and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: Amuegbunam understands that he has the rights:

    a. to have the allegations set out in the Superseding Information presented to a Grand Jury for Indictment;

    b. to plead not guilty;

    c. to have a trial by jury;

    d. to have his guilt proven beyond a reasonable doubt;

    e. to confront and cross-examine witnesses and to call witnesses in his defense; and

    f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Amuegbunam waives these rights and pleads guilty to a one count Superseding Information, charging a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (18 U.S.C. § 1343). Amuegbunam understands the nature and elements of the crime to which he is pleading guilty.

He agrees that the Factual Résumé he has signed is true and understands that it will be submitted as evidence.

3. **Sentence:** Statutorily, the <u>maximum</u> penalties the Court can impose upon Amuegbunam's plea of guilty include:

    a. imprisonment for a period not to exceed 60 months;

    b. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release not more than three years may follow any term of imprisonment. If Amuegbunam violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and which may include restitution arising from all relevant conduct and not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. **Court's Sentencing Discretion and Role of the Guidelines:** Amuegbunam understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Amuegbunam has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Amuegbunam will not be allowed to withdraw his plea if his sentence is higher than expected. Amuegbunam fully understands that the actual sentence

imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Amuegbunam agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment.

6. **Defendant's agreement**: Amuegbunam has and shall continue to give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Amuegbunam shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Amuegbunam expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate Amuegbunam's ability to satisfy any financial obligation imposed by the Court. Amuegbunam fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Amuegbunam agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Amuegbunam understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Relinquishment of Property:** Amuegbunam waives and abandons any and all right, title, claim or interest, he may have in all the property listed in Attachment A seized from his person when he was arrested in August 2015. Amuegbunam affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be electronically stored on or within the data storage devices regardless of the nature of its content, at its discretion. Amuegbunam agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that Amuegbunam and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. Amuegbunam further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, transfer, or destruction of the subject property. Attachment A is attached to the Plea Agreement Supplement and filed under seal.

8. **Government's agreement:** The government will not bring any additional charges against Amuegbunam based upon the conduct underlying and related to Amuegbunam's plea of guilty. In addition, the Government will dismiss the original

and Superseding Indictments at the time of sentencing. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities.

9. **Violation of agreement**: Amuegbunam understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Amuegbunam for all offenses of which it has knowledge. In such event, Amuegbunam waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Amuegbunam also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence:** Amuegbunam waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground. Amuegbunam, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel:** Amuegbunam has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Amuegbunam has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Amuegbunam concedes that he is guilty, and after conferring with his lawyer, Amuegbunam has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

_____  1-21-2017
CANDINA S. HEATH                 Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8600
Fax: 214-767-2846
candina.heath@usdoj.gov

APPROVED:

_____  1-25-17
KATHERINE MILLER        Date
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  16-02-2017
AMECHI COLVIS AMUEGBUNAM          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  1-31-17
EZEKIEL TYSON JR.       Date
Attorney for Defendant